UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JHON EDISON MILLAN CONTRERAS,** | **Civil Action No. 26-3148 (RK)** |
| **Petitioners,** | |
| **v.** | **ORDER** |
| **LUIS SOTO, et al.,** | |
| **Respondents.** | |

Petitioner Jhon Edison Millan Contreras is a citizen of Columbia who has filed a habeas petition pursuant to 28 U.S.C. § 2241 and a Motion for a Temporary Restraining Order ("TRO Motion") challenging his immigration detention without bond since March 13, 2026. (*See* ECF Nos. 1-2.) Petitioner allegedly entered the United States in May 2023 and has a pending application for asylum.[1] (*See* Petition at ¶¶ 1, 20.)

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000). The Court has examined the Petition under Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b), and determined that dismissal prior to the answer is not warranted.

On March 24, 2026, the Court entered a Text Order enjoining government from transferring Petitioner from New Jersey while this matter is pending. The TRO Motion also appears to seek an individualized bond hearing, but the Petition is not verified and does not

---

[1] The Petition does not state whether Petitioner was inspected or entered without inspection, and there are no accompanying exhibits.

include sufficient facts or evidence to establish that Petitioner is likely to succeed on his claim that he is unlawfully detained.[2]  The Court otherwise denies without prejudice the TRO Motion on that basis and will address the merits of the Petition after the matter is briefed.

THEREFORE, it is on this 15th day of April 2026;

**ORDERED that the Court's Text Order entered at ECF No. 3, which temporarily enjoins Respondents from transferring Petitioner from New Jersey pending further Order of the Court, REMAINS IN EFFECT; the TRO Motion (ECF No. 2) is otherwise DENIED WITHOUT PREJUDICE; and it is further**

**ORDERED** that, in accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b), this Court has examined the Petition and determined that dismissal of the Petition prior to submission of an answer and the record is not warranted; and it is further

**ORDERED** that the Clerk of the Court shall serve copies of the Petition and this Order upon Respondents by regular mail, with all costs of service advanced by the United States; and it is further

---

[2] "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)). To obtain a TRO or preliminary injunctive relief, a petitioner must typically demonstrate (1) that he is reasonably likely to prevail eventually in the litigation and (2) that he is likely to suffer irreparable injury without relief. If these two threshold showings are made, the District Court then considers, to the extent relevant, (3) whether an injunction would harm respondents more than denying relief would harm the plaintiff and (4) whether granting relief would serve the public interest. *See Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 319–20 (3d Cir. 2020) (citing *A. ex rel. Ayers v. Pocono Mountain Sch. Dist.*, 710 F.3d 99, 105 (3d Cir. 2013)).

**ORDERED** that the Clerk of the Court shall forward a copy of the Petition and this Order to Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; and it is further

**ORDERED** that, <u>within 7 days</u>, Respondent shall electronically file a full and complete answer to said Petition, which responds to the factual and legal allegations in the Petition; and it is further

**ORDERED** that the answer shall state the statutory authority for Petitioner's detention, *see* 28 U.S.C. § 2243; and it is further

**ORDERED** that Respondent shall raise in the answer any appropriate defenses and relevant legal arguments with citations to appropriate legal authority; and it is further

**ORDERED** that Respondent shall electronically file with the answer certified copies of the administrative record and all other documents relevant to Petitioner's claims; it is further

**ORDERED** that all exhibits to the Answer must be identified by a descriptive name in the electronic filing entry; and it is further

**ORDERED** that Petitioner may file and serve a reply in support of the Petition within 7 days after the answer is filed; and it is further

**ORDERED** that the Clerk of the Court shall terminate the motion pending at Docket Entry No. 2.

ROBERT KIRSCH
United States District Judge

3